# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR CHISESI, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TRU-COMFORT, INC., | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

## COMPLAINT

### I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Victor Chisesi (hereinafter "Plaintiff"). Plaintiff was an employee of Defendant Tru-Comfort, Inc. (hereinafter "Tru-Comfort"), who has been harmed by the age and/or disability-based discrimination and retaliatory practices as well as other improper conduct by Tru-Comfort and its agents, servants, and representatives.

This action is brought under the ADEA and Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et seq.* and pursuant to state law.

### II. JURISDICTION AND VENUE

1. The original jurisdiction and venue of this Court is invoked in this District pursuant to Title 42 U.S.C. § 2000e-5(f), 28 U.S.C. §1331, and 1391, 2201, 2202, 1343 and the claim is substantively based on the ADEA, 29 U.S.C. §621 *et seq.* and the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*

2. The supplemental jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1367, to consider Plaintiff's claims arising pursuant to state law.

1

3. Venue is proper in the Eastern District of Pennsylvania in that some or all of the events complained of herein occurred in Northampton County, Pennsylvania.

4. All conditions precedent to the institution of this suit have been fulfilled. Plaintiff has invoked the procedure set forth in the ADA and the ADEA. On or about June 26, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was jointly filed with the Pennsylvania Human Relations Commission ("PHRC"), against Tru-Comfort alleging, inter alia, disability-based employment discrimination and retaliation. On September 5, 2017, a Notice of Right to Sue was issued by the EEOC.

5. This action has been filed within ninety (90) days of receipt of said Notice. (Plaintiff's PHRA claims have not yet been exhausted and a motion to amend will be filed to add those pendent claims at the appropriate time.)

### III. PARTIES

6. Plaintiff, Victor Chisesi, is a sixty-three (63) year-old adult male and resident of the Commonwealth of Pennsylvania. Plaintiff, at all times pertinent hereto, was hired by Tru-Comfort as a General Manager. Plaintiff remained employed with Tru-Comfort for 23 years from July, 1993, through December 30, 2016, when he was laid off for the stated false and pretextual reason of "cost savings."

7. Defendant, Tru-Comfort, is a corporation incorporated in Pennsylvania with a principal place of business at 1309 Stefko Boulevard, Bethlehem, Pennsylvania.

8. At all times relevant herein, Plaintiff was an "employee" as defined by the ADA, 42 U.S.C. § 12111(4), and is subject to the provisions of this Act.

9. At all times relevant herein, Plaintiff was a "person" as defined the ADA, 42

U.S.C. § 12111(7), and is subject to the provisions of said Act.

10. At all times relevant herein, Plaintiff was "disabled" as defined by the ADA, 42 U.S.C. § 12102(1), and is subject to the provisions of said Act.

11. At all times relevant herein, Plaintiff was a "qualified individual" as defined by the ADA, 42 U.S.C. § 12111(8), and is subject to the provisions of said Act.

12. At all times relevant herein, Tru-Comfort was an "employer" as defined by the ADA, 42 U.S.C. § 12111(5), and is subject to the provisions of said Act.

13. At all times relevant hereto, Plaintiff was an "employee" as defined by the ADEA, 29 U.S.C. §630(f), and is subject to the provisions of that Act.

14. At all times relevant hereto, Plaintiff was a "person" as defined by the ADEA, 29 U.S.C. §630(a), and is subject to the provisions of that Act.

15. At all times relevant hereto, Tru-Comfort was and "employer" as defined by the ADEA, 29 U.S.C. §630(b), and is subject to the provisions of that Act.

16. At all times relevant hereto, Tru-Comfort acted by and/or failed to act by and through the conduct of their officers, managers, agents, and employees, all acting within the scope and course of their employment.

17. Tru-Comfort has, acting through its agents, servants and representatives, on more than one occasion, met with Plaintiff, and has heard allegations from Plaintiff of age and/or disability-based harassment, and age and/or disability-based discrimination, and retaliation.

18. At all relevant times herein, Tru-Comfort knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

3

19. At all times material hereto, Tru-Comfort employed more than fifteen employees.

IV. **CAUSES OF ACTION**

20. Plaintiff was hired by Tru-Comfort in July, 1993, as a General Manager.

21. During Plaintiff's twenty-three year employment with Tru-Comfort, Plaintiff performed his job duties in a proper and competent manner with no history of misconduct or performance issues. Over the 23 years of Plaintiff's loyal and dedicated service the Company grew and prospered.

22. Of the six years Defendant awarded "Employee of the Year" awards, Plaintiff received 4 Employee of the Year awards.

23. At all relevant times hereto, Plaintiff's supervisors were William Lilly ("Lilly"), President, and Tom Grello ("Grello"), Owner.

24. Over the 23 years of loyal service, when Plaintiff worked above and beyond the call of duty, dedicating his work life to the Defendant Company, Grello and Lilly would often praise Plaintiff, telling him "you will always have a job with us" and "we are grateful to you." When the Defendant Company needed money, Grello and/or Lilly would ask Plaintiff for loans or advances.

25. Everything proceeded along well and Plaintiff was <u>never</u> written up or disciplined; until Plaintiff eventually became the oldest employee, at 63, and began having health problems.

26. Plaintiff underwent hip replacement surgery beginning in 2010 (which steadily deteriorated and continued to plague him) and on August 8, 2016 he had major foot

4

reconstruction surgery. This resulted in a walking limitation to Plaintiff among other things.

27. Plaintiff's medical conditions are disabilities as that term is defined by the ADA, as amended by the ADAA, because they substantially limited him in one or more major life activities. While Plaintiff performed properly all his essential job functions, it is averred that Plaintiff was regarded and/or perceived by Tru-Comfort as disabled.

28. Plaintiff requested leave and accommodations for his disabilities under the ADA.

29. As of August, 2016, Plaintiff advised Defendant, including Lilly and Grello, that he would be undergoing foot surgery and medical treatment.

30. Defendant purported to grant Plaintiff's request for accommodation by purporting to agree to permit him to work from home, but negative comments were made regarding Plaintiff's leave and need for accommodations indicating that Defendant regarded and/or perceived Plaintiff as disabled and a liability.

31. The above mentioned accommodation in the form of leave and working from home was purportedly granted but Defendant subsequently retaliated for same as set forth below.

32. On or about December 30, 2016, Plaintiff was terminated by Defendant for the stated reason of "cost savings."

33. At the time of Plaintiff's termination, he was the oldest employee.

34. At the time of Plaintiff's termination, he had received no write ups or negative performance reviews.

35. At the time of Plaintiff's termination, there were given no specific justification reasons for same except a vague "cost cutting" (which is false and pretextual given Plaintiff's ; given that Plaintiff was never presented with an opportunity to voluntarily take a pay or benefit

cut; nor was Plaintiff offered any other positions).

36. At the time of Plaintiff's termination, within one month and four months of same, the two other older employees, Mary Beth (approximately age 57) and Bill Nelson (approximately age 59) were either terminated or forced out.

37. After his termination, Plaintiff's job position, job duties, and functions continued and there continued to be a need for same. There was no one who had the experience and training of Plaintiff (who helped build the Company since 1993--24 years). Nevertheless, Plaintiff's job duties were given to younger employees and/or employees not protected under the ADA. These younger/non-protected category employees had comparatively less training, education, experience, work and performance history, and seniority with the Company.

38. The aforementioned reason is false, manufactured, retaliatory, pre-textual and discriminatory.

39. Plaintiff has been discriminated against on the basis of his age in violation of the ADEA.

40. Plaintiff has been discriminated against on the basis of his disability in violation of the ADA.

41. Plaintiff's termination is in retaliation for Plaintiff having taken ADA-protected leave and requesting accommodations, and as a result of Defendant's regarding and/or perceiving Plaintiff as disabled; and/or due to the fact that Defendant did not want to grant such leave and accommodation in the future.

42. Plaintiff has also been retaliated against for taking ADA-protected leave and requesting accommodations as a result of his disabilities under the ADA; and/or for asserting his

rights under the ADA or ADEA.

43. Plaintiff has suffered severe emotional distress, loss of back pay, front pay and other damages, including attorneys' fees and costs.

44. Tru-Comfort's reason for termination is pretextual.

45. Tru-Comfort's age and/or disability based discrimination or retaliatory animosity, motivated Tru-Comfort to manufacture the pretextual reason for termination.

46. Tru-Comfort, despite Plaintiff's protected conduct and request for accommodation failed to engage in the ADA-mandated interactive process.

47. Tru-Comfort was responsible and liable for the conduct of its principals, employees, and agents for subjecting Plaintiff to a discriminatory employment and work environment, and for failing to protect Plaintiff from unlawful conduct.

48. As a direct result of the above stated wrongful and ADA and/or ADEA violative conduct by Tru-Comfort's supervisory employees, Plaintiff was deprived of his employment with Tru-Comfort.

49. As a direct result of Tru-Comfort's conduct, Plaintiff has been irrevocably damaged.

50. As a direct result of Tru-Comfort's conduct, Plaintiff has suffered and continues to suffer severe emotional, psychological, and physical distress.

51. As a direct result of Tru-Comfort's conduct, Plaintiff's career, professional, and job opportunities have been impaired and damaged and he has suffered a loss of earnings and earning capacity.

## FACTS RELATED TO PLAINTIFF'S WAGE ACT CLAIM

52. Plaintiff is entitled, contractually as promised by the Defendant and as per the Defendant's policy, to the sum of $3,100.71 in accrued vacation pay from Defendant, which has been earned by Plaintiff.

53. Under the Pennsylvania Wage Payment and Collection Law, 43 P.S. §260.1 *et seq.*, "wages" includes benefits and wage supplements including vacation pay.

54. Defendant, despite repeated demands, has failed to pay this earned vacation pay to Plaintiff when due as per 43 P.S. §260.5.

55. Defendant, by e-mail dated March 16, 2017, has admitted owing the above stated amounts to Plaintiff for earned vacation pay but has attempted to assert a set-off, which is illegal under the Act.

## COUNT I
## PLAINTIFF v. TRU-COMFORT
## VIOLATION OF THE ADEA

56. Paragraphs 1 through 55, inclusive, are incorporated by reference as if fully set forth at length herein.

57. Solely because of Plaintiff's age, Plaintiff was treated disparately and denied the opportunity to continue in his employment with Tru-Comfort.

58. The foregoing acts of Tru-Comfort constitute unlawful discrimination against Platintiff in violation of the ADEA.

59. The action of Tru-Comfort is without reason or basis and is so arbitrary, capricious, and unfounded that Plaintiff is thereby denied due process of law.

60. Defendant retaliated against Plaintiff as a result of Plaintiff exercising his rights under the ADEA.

61. Plaintiff has no adequate remedy at law.

62. As a direct result of Tru-Comfort's willful and unlawful actions in treating Plaintiff in a discriminatory manner solely because of his age, in violation of the ADEA, Plaintiff has sustained loss of earnings, and benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## COUNT II
## PLAINTIFF v. TRU-COMFORT
## VIOLATION OF THE ADA

63. Paragraphs 1 through 62, inclusive, are incorporated by reference as if fully set forth at length herein.

64. At all times relevant herein, Plaintiff was disabled, regarded as and/or perceived as disabled by Tru-Comfort.

65. Plaintiff was able to perform all of the essential functions of his position with or without accommodation.

66. By reason of the conduct set forth above, Tru-Comfort intentionally, knowingly, and purposefully violated the ADA by invidiously discriminating against the qualified Plaintiff who had a disability.

67. By its actions and inactions through its agents, servants, and representatives, Tru-Comfort created, maintained, and permitted to be maintained a work environment, which was hostile to persons such as Plaintiff who have a record of or are perceived as having a disability.

68. As a direct result of Plaintiff's disability and/or request for accommodation, Tru-

Comfort terminated Plaintiff's employment.

69. Defendant terminated Plaintiff without engaging in the interactive process, as required by the ADA.

70. Defendant retaliated against Plaintiff as a result of Plaintiff asserting his rights under the ADA.

71. Tru-Comfort's aforesaid actions were outrageous, egregious, malicious, intentional, willful, wanton, and in reckless disregard of Plaintiff's rights.

## COUNT III
## PLAINTIFF v. TRU-COMFORT
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

72. Paragraphs 1 through 71, inclusive, are incorporated by reference as if fully set forth at length herein.

73. Defendants are employers as that term is defined in the Pennsylvania Wage Payment and Collection Law, 43 P.S. §260.1 *et seq*.

74. Defendants willfully failed to pay Plaintiff all amounts of wages earned, including accrued vacation days, within the limits set forth in the WPCL, 43 P.S. §260.1 *et seq*., in the amount of $3,100.71.

75. Defendant admits owing this amount in e-mail to Plaintiff dated March 16, 2017 and therefore Defendant's denial is in bad faith.

76. Plaintiff is entitled to damages under the Wage Payment and Collection Law, including the $3,100.71 amount due; plus interest; plus penalty of 10% upon said amount; plus attorneys fees (43 P.S. §260.9 a(f).)

77. Due to the bad faith of Defendant (who has admitted the amount owed but has

attempted an illegal set-off) Plaintiff also claims liquidated damages under the Act.

## V. **PRAYER FOR RELIEF**

78. Paragraphs 1 through 77 inclusive, are incorporated by reference as if fully set forth at length herein.

WHEREFORE, Plaintiff respectfully requests the Court to:

a. Exercise jurisdiction over his claim;

b. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

c. Award compensatory damages, including but not limited to reimbursement of all medical and psychological expenses; back pay and future earnings and loss of earning capacity in the amount of wages and benefits; damages for Plaintiff's mental, psychological, and emotional injuries, anguish, humiliation, anxiety, physical and mental pain, and suffering and loss of life's pleasures, all of which may be permanent, together with interest, resulting from Tru-Comfort's discriminatory and unlawful conduct;

d. Order Defendant to pay to Plaintiff all amounts of unpaid wages and vacation days due to Plaintiff, pursuant to WPCl, 43 P.S. §260.1 *et seq*., with such interest as allowed by law;

e. Reinstate Plaintiff to his former position together with back pay and compensatory damages;

f. Award punitive and/or liquidated damages as may be permitted under law;

g. Award Plaintiff attorneys' fees and costs; and

      h.  Grant such other relief, as the Court deems just and equitable.

## VI. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

HAHALIS & KOUNOUPIS, P.C.

By:/s/ George S. Kounoupis  
GEORGE S. KOUNOUPIS, ESQUIRE  
20 East Broad Street  
Bethlehem, PA 18018  
(610) 865-2608  
Attorneys for Plaintiff

Date: December 4, 2017